UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
JUN 3 0 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-113-GWU

SUSIE FARLEY,                                                     PLAINTIFF,

VS.                      **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

The plaintiff, Susie Farley, applied for Disability Insurance Benefits (DIB) on August 10, 2001 (Tr. 78-80) and was awarded benefits in a decision by an Administrative Law Judge (ALJ) on July 18, 2003, with an onset date of January 31, 2001 (Tr. 18-22). No appeal was taken. However, on September 26, 2003, the defendant's Office of Central Operations notified the defendant's Appeals Council that it was unable to process the ALJ's decision because the plaintiff had only 19 quarters of coverage, rather than the required 20. (Tr. 350-1). The Appeals Council notified the plaintiff on December 8, 2003 that it was reopening the ALJ's decision under the authority of 20 C.F.R. Sections 404.987-989, which permit, in pertinent part, a reopening of an ALJ's decision within four years of the date of the original determination if "good cause" is shown. (Tr. 353).

1

Farley

Counsel for the plaintiff objected to the reopening in a letter dated January 5, 2004, stating that the plaintiff's earnings record before the ALJ showed that she had 20 quarters of coverage and that her insured status expired on December 31, 2001. (Tr. 9). Counsel asserted that good cause had not been shown for reopening the ALJ's decision outside the sixty-day window provided in 20 C.F.R. Section 404.969 and that, with no explanation provided for changing the plaintiff's earnings record, the plaintiff's due process rights had been violated. (Tr. 10). In the alternative, counsel requested a delay in order to obtain her income tax records from the Internal Revenue Service. (Id.).

However, on January 20, 2004, the Appeals Council, stating that it had received no response to its December 8, 2003 notification to the plaintiff, issued a decision finding that the plaintiff had only 19 quarters of coverage in the 40 quarter period ending March 31, 2001, meaning that a period of disability could not be established at any time thereafter. (Tr. 6-8). Significantly, the plaintiff appeals, solely on the ground that the Appeals Council lacked "good cause" to reopen the ALJ's decision.[1]

---

[1] Counsel for the plaintiff raises no objection regarding the Council's failure to provide a hearing or to review the plaintiff's income tax records, as requested, and makes no due process claim. No new evidence showing that the plaintiff's earnings were erroneously calculated by the Office of Central Operations in its letter to the Appeals Council has been submitted, either.

2

Farley

20 C.F.R. Section 404.988(b) specifically provides for a reopening of a decision within four years for good cause. "Good cause" is defined in Section 404.989 as being (1) new and material evidence, (2) a clerical error in the computation or recomputation of benefits, or (3) a clear error on the face of the evidence that was considered in making the determination. The plaintiff argues, however, that the language of these sections does not provide that the Appeals Council itself can reopen an ALJ's decision.

In the case of Fox v. Bowen, 835 F.2d 1159 (6th Cir. 1987), the Sixth Circuit upheld a reopening by the Appeals Council of an ALJ decision after more than sixty days. The reopening had been initiated after the Appeals Council had been notified that the claimant, who had been awarded benefits by the ALJ, did not have fully insured status as required by the Social Security Act. 835 F.2d at 1161. The Appeals Council determined that the claimant had not become statutorily blind until after her Date Last Insured (DLI), and denied benefits. Id.

The Sixth Circuit held that the Secretary's (now the Commissioner's) regulations at Section 404.987 did not expressly preclude reopening initiated by the Appeals Council, and, although the language employed was somewhat ambiguous, the Court held that the Secretary's interpretation of the regulations which permitted the Appeals Council to reopen the case was consistent with the express wording of the regulation. Id. at 1163. Accord Sheppard v. Sullivan, 906 F.2d 756, 758 (D.C. Cir. 1990); Annot., 92 A.L.R. Fed. 118, Section 4.

3

Farley

The plaintiff argues that Fox is distinguishable from the present factual situation because the claimant's earnings record in that case was not modified after the ALJ's decision, and that the record that had been before the ALJ showed on its face that Fox was not disabled until after the DLI. In response, the Commissioner points out that the record *before the ALJ* in the present case reflected earnings totaling $1,058.48 in one printout (Tr. 84), but only $758.87 in actual wages reported by Ms. Farley's employer (Tr. 88). Since Ms. Farley required $830.00 in earnings to claim a quarter of coverage, the higher figure allowed her to show 20 quarters of coverage, whereas the lower figure left her just below the amount needed. This contradiction shows clearly enough that there was an error on the face of the records before the ALJ so as to render Section 404.988(b) potentially applicable.

The Court finds the plaintiff's arguments regarding Fox unpersuasive. The conclusion of the Appeals Council that the plaintiff did not have sufficient quarters of coverage to be eligible for DIB is unchallenged. Accordingly, the decision will be affirmed.

This the ___30___ day of June, 2006.

G. WIX UNTHANK
SENIOR JUDGE

4